## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONGRESSMAN WALTER JONES<br>2333 Rayburn House Office Building<br>Washington, D.C. 20515 | *<br>*<br>*<br>* |
| and | * |
| TRISH BROW<br>45328 Mill Cove Harbor Road<br>California, MD 20619 | *<br>*<br>*<br>* |
| and | * |
| MICHAEL BROW<br>45328 Mill Cove Harbor Road<br>California, MD 20619 | *<br>*<br>*<br>* |
| and | * |
| JOHN M. BROW<br>45328 Mill Cove Harbor Road<br>California, MD 20619 | *<br>*<br>*<br>* |
| and | *     Civil Action No. 17-2030 |
| CONNIE GRUBER<br>126 Iverleigh Lane<br>Jacksonville, NC 28540 | *<br>*<br>*<br>* |
| and | * |
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036 | *<br>*<br>*<br>*<br>* |
| Plaintiffs, | * |
| v. | * |

| | |
|---|---|
| DEPARTMENT OF DEFENSE | * |
| 1000 Defense Pentagon | * |
| Washington, D.C. 20301-1000 | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking production of records responsive to requests submitted by the plaintiffs Congressman Walter Jones, Trish Brow, Michael Brow, John M. Brow, Connie Gruber and The James Madison Project to the defendant Department of Defense (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Walter Jones ("Congressman Jones") is a Republican Member of Congress, representing North Carolina's Third Congressional District. He has served in office since 1995. Further information can be found at *https://jones.house.gov/*.

4. Trish Brow ("Mrs. Brow") is the widow of Lieutenant Colonel John Brow ("LTC Brow"). Michael Brow and John M. Brow are the adult sons of Mrs. Brow and the late LTC Brow.

2

5. Connie Gruber ("Mrs. Gruber") is the widow of Major Brooks Gruber ("MAJ Gruber").

6. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

7. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the U.S. Marine Corps ("USMC"), the Department of the Navy ("Navy"), and the DoD Office of the Inspector General ("OIG").

## FACTUAL BACKGROUND

8. This lawsuit is brought under the Freedom of Information Act ("FOIA") and seeks to bring finality to and produce a comprehensive factual record regarding the tragic crash of an MV-22 Osprey aircraft on April 8, 2000.

9. On the evening of April 8, 2000, during an Operational Evaluation flight, an MV-22 Osprey aircraft crashed at a small regional airport in Marana, Arizona. The crash killed all 19 U.S. Marines on board, including LTC Brow and MAJ Gruber, the pilots of the aircraft. *http://www.nytimes.com/2000/04/10/us/19-marines-die-in-crash-of-trouble-plagued-craft.html?mcubz=1* (last accessed October 1, 2017).

10. The Osprey aircraft had struggled with safety issues for years prior to the April 8, 2000, crash. The program itself was nearly cancelled by President George H.W. Bush in 1991. *http://www.nytimes.com/2000/04/10/us/19-marines-die-in-crash-of-trouble-plagued-craft.html?mcubz=1* (last accessed October 1, 2017). During the course of its developmental

phase, the Osprey aircraft suffered four separate crashes, including the April 8, 2000, incident. *https://www.wired.com/2005/07/osprey/?pg=3&topic=osprey&topic_set=* (last accessed October 1, 2017).

    11. The initial report from the USMC placed blame for the April 8, 2000, crash on pilot error. *http://edition.cnn.com/2001/US/04/20/osprey.crash.tape/* (last accessed October 1, 2017). The official USMC press release went so far as to state the following: "Unfortunately, the pilots' drive to accomplish that mission appears to have been the fatal factor." *http://www.sandiego uniontribune.com/military/sdut-marines-osprey-clean-pilots-name-2016apr14-story.html* (last accessed October 1, 2017).

    12. During the subsequent investigation, however, the MV-22 squadron commander admitted to falsifying maintenance records of the Osprey aircraft. *http://www.sandiegouniontribune.com /military/sdut-marines-osprey-clean-pilots-name-2016apr14-story.html* (last accessed October 1, 2017). Subsequent media reporting also revealed two of the USMC's highest ranking officers, Brigadier General James Amos ("General Amos") and Lieutenant General Fred McCorkle ("LTG McCorkle"), discussing in a November 21, 2000, e-mail the "mission capable" rate of the Osprey aircraft. In the e-mail, General Amos reported that the Osprey aircraft's mission capable rate during the first part of November 2000 was 26.7%. In a press conference a mere nine days later, however, General Amos stated that the mission capable rate had been 73.2%. *https://www.cbsnews.com/news/top-marines-in-osprey-cover-up/* (last accessed October 1, 2017). A Blue Ribbon Panel in 2001 ultimately recommended created a warning system for the "vortex ring state" syndrome, which was seen in the April 8, 2000, crash. *http://www.sandiegouniontribune.com/military/sdut-marines-osprey-clean-pilots-name-2016apr14-story.html* (last accessed October 1, 2017).

13. After years of advocacy work on the part of Mrs. Gruber, Mrs. Brow and Congressman Jones, the Deputy Secretary of Defense Robert Work ("Secretary Work") conducted a detailed review of the original investigation into the April 8, 2000, crash, as well as subsequent investigative findings concerning the V-22 program itself. In a letter dated February 11, 2016, Secretary Work concluded that the original characterization of the actions of LTC Brow and MAJ Gruber as "the fatal factor" resulting in the April 8, 2000, crash was inaccurate. Secretary Work further stated his belief that separate factors rendered the crash "probable, perhaps inevitable." *https://www.stripes.com/news/us/reversal-of-blame-allows-pilots-in-2000-osprey-crash-to-rest-in-peace-families-say-1.397072#.WagpBaKQyUk* (last accessed October 1, 2017); *http://jones.house.gov/sites/jones.house.gov/files/V-22%20Letter%2C%20FINAL.pdf* (last accessed October 1, 2017).

14. The FOIA requests that are the subject of this litigation seek to compel disclosure of records that will provide a complete and accurate history of the factors that contributed to the tragic events of April 8, 2000. After nearly two decades, the memories of the 19 Marines who lost their life that fateful evening deserve to be honored with a public accounting of the *entirety* of what transpired and led to their unfortunate deaths.

## **COUNT ONE (USMC)**

15. The plaintiffs, JMP, Congressman Jones, Mrs. Brow and Mrs. Gruber (hereinafter collectively referred to as the "Plaintiffs"), repeat and reallege paragraphs 8 through 14 above, inclusive.

16. By letter dated June 20, 2017, the Plaintiffs submitted to the USMC a FOIA request.

17. The FOIA request sought copies of USMC records, including cross references, memorializing the following:

1) Investigative files concerning the April 8, 2000 crash in Arizona of an MV-22 Osprey, including final factual determinations regarding the circumstances and causes of the crash, documentation (including video and photography) created or reviewed as part of the investigation into the crash, and any recommendations that were made to prevent a future recurrence of the crash of any other MV-22 Osprey;

2) To the extent they do not fall within the scope of category #1, all Office of Inspector General investigations with respect to the crash, including but not limited to concerns about falsification of maintenance and/or safety reports;

3) To the extent they do not fall within the scope of categories #1 or #2, all audits conducted with respect to the crash, including but not limited to concerns about falsification of maintenance and/or safety reports;

4) To the extent they do not fall within the scope of categories #1 – #3, any intra-agency or inter-agency correspondence addressing the circumstances of the crash, including but not limited to discussions regarding maintenance or safety concerns;

5) Any correspondence between Lieutenant General Fred McCorkle and Brigadier General James Amos addressing the circumstances of the crash, including but not limited to discussions regarding whether maintenance or safety reports had been falsified; and,

6) Any records relating or pertaining to correspondence received from and to be provided to Congressman Walter Jones in response to inquiries regarding the above #1 – #5.

18. The Plaintiffs stated that they were requesting a waiver of or, at a minimum, a reduction in fees.

19. On June 28, 2017, the USMC informed the Plaintiffs that the FOIA request had been assigned FOIA Case Number DON-USMC-2017-007733.

20. By letter dated July 10, 2017, the undersigned informed the USMC that Michael Brow and John M. Brow were being added as co-requesters.

21. The USMC and the Plaintiffs have engaged in e-mail correspondence since August 2017, concerning clarifying information the USMC was seeking in the context of conducting its searches, including efforts to determine what records the Plaintiffs have previously received for the purpose of avoiding duplication. This correspondence ultimately did not result in the narrowing or modification of the Plaintiffs' FOIA request.

22. To date, no substantive response has been received by the Plaintiffs from the USMC. The Plaintiffs have constructively exhausted all required administrative remedies.

23. The Plaintiffs have a legal right under the FOIA to obtain the information they seek.

## COUNT TWO (NAVY)

24. The Plaintiffs repeat and reallege paragraphs 8 through 14 above, inclusive.

25. By letter dated June 20, 2017, the Plaintiffs submitted a FOIA request to the Navy.

26. The Plaintiffs repeat and reallege paragraphs 17 through 18, as well as paragraph 20. The language of the FOIA request submitted to the Navy was virtually identical to that which the Plaintiffs submitted to the USMC. In addition, the Plaintiffs informed the Navy of the addition of Michael Brow and John M. Brow as co-requesters on the same day and in a similar manner to how the USMC was informed.

27. To date, no substantive response has been received by the Plaintiffs from the Navy. The Plaintiffs have constructively exhausted all required administrative remedies.

28. The Plaintiffs have a legal right under the FOIA to obtain the information they seek.

## COUNT THREE (DOD OIG)

29. The Plaintiffs repeat and reallege paragraphs 8 through 14 above, inclusive.

30. By letter dated June 20, 2017, the Plaintiffs submitted a FOIA request to the DoD OIG.

31. The Plaintiffs repeat and reallege paragraphs 17 through 18, as well as paragraph 20. The language of the FOIA request submitted to the DoD OIG was virtually identical to that which the Plaintiffs submitted to the USMC. In addition, the Plaintiffs informed the DoD OIG of the addition of Michael Brow and John M. Brow as co-requesters on the same day and in a similar manner to how the USMC was informed.

32. On June 21, 2017, the DoD OIG informed the Plaintiffs that the FOIA request had been assigned FOIA Case Number DODOIG-2017-000699.

33. To date, no substantive response has been received by the Plaintiffs from the DoD OIG. The Plaintiffs have constructively exhausted all required administrative remedies.

34. The Plaintiffs have a legal right under the FOIA to obtain the information they seek.

WHEREFORE, plaintiffs The James Madison Project, Congressman Walter Jones, Trish Brow, Michael Brow, John M. Brow, and Connie Gruber pray that this Court:

(1) Order the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   October 3, 2017

        Respectfully submitted,

           /s/
        _____
        Mark S. Zaid, Esq.
        D.C. Bar #440532
        Bradley P. Moss, Esq.
        D.C. Bar #975905
        Mark S. Zaid, P.C.
        1250 Connecticut Avenue, N.W.
        Suite 200
        Washington, D.C. 20036
        (202) 454-2809
        (202) 330-5610 fax
        Mark@MarkZaid.com
        Brad@MarkZaid.com

        Attorneys for the Plaintiffs